RANDOLPH, Senior Circuit Judge,
concurring:
After the enforcement unit of the Consumer Financial Protection Bureau filed a Notice of Charges against petitioners, an Administrative Law Judge held a nine-day hearing and issued a recommended decision, concluding that petitioners had violated the Real Estate Settlement Procedures Act of 1974. In the administrative appeal, the Director “affirm[ed]” the ALJ’s conclusion that petitioners violated the Act.
I believe that the ALJ who presided over the hearing was an “inferior Officer” within the meaning of Article II, section 2, clause 2 of the Constitution. That constitutional provision requires “inferior Officers” to be appointed by the President, the “Courts of Law,” or the “Heads of Departments.” This ALJ was not so appointed. Pursuant to an agreement between the Bureau and the Securities and Exchange Commission, the SEC’s Chief Administrative Law Judge assigned him to the case. This in itself rendered the proceedings against petitioners unconstitutional.
To me, the case is indistinguishable from Freytag v. Commissioner of Internal Revenue, 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991). My reasoning is set *56 forth in Landry v. Federal Deposit Insurance Corp., 204 F.3d 1125, 1140-44 (D.C. Cir. 2000) (Randolph, J., concurring in part and concurring in the judgment). There is no need to repeat what I wrote there. The majority opinion in Landry disagreed with my position, but petitioners have preserved the issue for review by this court en banc or by the Supreme Court on cer-tiorari. Pet. Br. 51 n.8. The Bureau, in its brief, argues that petitioners waived the issue because they did not raise it before the ALJ or on appeal to the Bureau’s Director. But the Freytag petitioners also raised their constitutional objection to the appointment of the special trial judge for the first time on appeal. See Freytag, 501 U.S. at 892-95, 111 S.Ct. 2631 (Scalia, J., concurring). There is no difference between this case and Freytag, except that in light of Landry it would have been futile to object, a point that cuts in petitioners’ favor.